Foster, P. J.
(dissenting). I accept the conclusion that the phrase “ accrued depreciation,” used in the second paragraph of the statute, is tied in with the phrase,4 ‘ reserves accumulated to provide for the retirement or replacement of said physical property ”, contained in the first paragraph, and that the two phrases must be read together. The commission, itself, evidently so concluded because it accepted the amount of reserves set up for depreciation as indicating in part the extent of accrued depreciation. Nevertheless, I do not think that the *483 commission was bound to accept at their face value the figures shown on the verified reports of the utility company. The statute reads in part — “ * * * and if the duly verified reports of said utility company * * * do not show the original cost, less accrued depreciation, of said property, the commission may estimate said cost less depreciation * * * ”. It hardly seems probable to me that the Legislature intended the word — “show” — to have a literal and rigid interpretation. If that were so, a utility company could put any figures on its report to indicate accrued depreciation and the commission would be obliged to accept them. Obviously, this cannot have been the legislative intent, and hence it seems to me that the matter enters into the realm of a factual situation where an issue is presented as to whether the reports do actually show accrued depreciation. This is a question of fact and the evidence in the record on this issue is conflicting. Hence the commission in the exercise of its administrative and quasi-judicial powers had the right to determine such issue, and since there is substantial evidence to sustain its determination we have no authority to interfere. The alternative to this would be to say we have the power, despite the conflicting evidence in the record, to say that the reserves set up for depreciation indicate with substantial accuracy the amount of accrued depreciation. As I view the matter, we have no such power.
The determination of the commission should be confirmed.
Brewster, Deyo and Bergan, JJ., concur with Santry, J.; Foster, P. J., dissents, in a memorandum.
The decision of this court is stayed for a period of ten days after the entry of an order herein during which time the respondent may, if so advised, apply to the Court of Appeals or to a judge thereof for a further stay pending an appeal to that court.
Order of the Public Service Commission, dated December 30, 1948, annulled on the law, with $50 costs and disbursements.